1  SCOTT N. SCHOOLS (SC 9990)
   United States Attorney
2
   BRIAN J. STRETCH (CSBN 163973)
3  Chief, Criminal Division

4  MATTHEW A. PARRELLA (NYSBN 2040855)
   JEFFREY D. NEDROW (CASBN 161299)
5  JEFFREY R. FINIGAN (CASBN 168285)
   Assistant United States Attorneys
6
7     450 Golden Gate Avenue
      San Francisco, California  94102
8     Telephone: (415) 436-7232
      Facsimile: (415) 436-7234
9     Email: matthew.parrella@usdoj.gov
             jeffrey.nedrow@usdoj.gov
10            jeffrey.finigan@usdoj.gov

11              UNITED STATES DISTRICT COURT

12             NORTHERN DISTRICT OF CALIFORNIA

13               SAN FRANCISCO DIVISION

14

15  UNITED STATES OF AMERICA,        )    Criminal No. CR 06-0803 SI
                                     )
16              Plaintiff,           )
                                     )    **UNITED STATES' OPPOSITION TO**
17        v.                         )    **MOTION TO PRECLUDE AUSA JEFF**
                                     )    **NEDROW FROM SERVING AS TRIAL**
18  TAMMY THOMAS,                    )    **COUNSEL**
                                     )
19              Defendant.           )    Date:   November 9, 2007
                                     )    Time:  11:00 a.m.
20  _____  )    Judge: Hon. Susan Illston

21

22  **I.      Introduction.**

23        Defendant Tammy Thomas has filed a motion to preclude one of the Assistant United

24  States Attorneys ("AUSAs") assigned to this case, AUSA Jeff Nedrow, from acting as trial

25  counsel in this case.  The defendant essentially argues that AUSA Nedrow cannot participate in

26  the trial because her perjurious and obstructive conduct in response to his questions before the

27  grand jury occurred in his presence.  The defendant further argues that AUSA Nedrow's role as

28  trial counsel will constitute a future violation of the policies against vouching and an advocate

GOVT'S OPPOSITION TO DEFENDANT'S
MOTION TO PRECLUDE AUSA JEFF NEDROW
FROM SERVING AS TRIAL COUNSEL

serving a dual role as a witness. Last, the defendant argues that AUSA Nedrow is a potential trial witness.

The defendant's arguments are premature, factually baseless, and legally meritless. There is no legitimate reason to assert that AUSA Nedrow's credibility will be at issue in the trial. The government is well aware of both the vouching and advocate-witness rules, and has no intention of violating either. AUSA Nedrow will not be named as a witness on the government's witness list. There is no basis for AUSA Nedrow to be called as a defense witness, and the defense has provided no such indication. The defendant has failed to provide anything resembling a relevant, cognizable basis for calling AUSA Nedrow to testify at trial, let alone establishing the "compelling need" required under the law. The defense motion should be denied.

**II.     Statement of Facts.**

Defendant is charged with three counts of making false statements before the grand jury, in violation of 18 U.S.C. § 1623, and one count of obstructing justice, in violation of 18 U.S.C. §1503. The charges against Thomas stem from her perjurious and obstructive conduct during testimony before a grand jury in this district on November 6, 2003. AUSA Jeff Nedrow questioned Thomas in the grand jury as the lead AUSA in the original Balco investigation. AUSA Nedrow has further been assigned to the investigation and prosecution of Thomas since the inception of the investigation into Thomas' perjury.[1]

There is no evidence that AUSA Nedrow has percipient knowledge of any facts pertinent to the charges in this case. The sole basis for the defense request to have AUSA Nedrow precluded from serving as pretrial counsel centers on the idea that because he questioned Thomas in the grand jury, his credibility will be necessarily tested at the trial in this case. This argument

---

[1]   The defendant's assertion that AUSA Nedrow lacked any "official appearance" in the case until now is inaccurate. AUSA Nedrow was actively involved in the case months before the involvement of current defense counsel, engaging in official plea negotiations with prior counsel and attending court proceedings. Current defense counsel has participated in telephone conversations, email exchanges, and official meetings with AUSA Nedrow on this case since at least the spring of 2007, when current counsel became involved in the case; his failure to acknowledge these contacts as "official" misleads the Court.

1  is a red herring which should be rejected by the Court.

2  **III.  Argument.**

3      The defense argument stands upon two equally false premises: (1) any role that AUSA

4  Nedrow played at trial would necessarily constitute improper vouching; and (2) AUSA Nedrow

5  is a legitimate potential trial witness, and therefore cannot participate as trial counsel lest his

6  involvement violate the advocate-witness rule.  Both of these constructs are meritless.

7      **A.  Vouching.**

8      Improper prosecutorial vouching occurs when the prosecutor "place[s] the prestige of the

9  government behind the witness" by providing "personal assurances of [the] witness's veracity."

10  *United States v. Roberts,* 618 F.2d 530, 533 (9th Cir. 1980).  The defense acknowledges that this

11  argument is, by definition, premature and speculative because the trial has not occurred in this

12  case, and there is no basis at this time to assert that the government will commit reversible error

13  through vouching in its trial presentation.  The defense argument, however, extends this mistaken

14  premise to include virtually any argument made by AUSA Nedrow, arguing that any speech by

15  him must constitute vouching.  This argument is baseless because it assumes that AUSA Nedrow

16  will be called to testify as a witness.  The government will not call AUSA Nedrow to testify as a

17  witness, but rather introduce the grand jury transcript itself as evidence of Thomas' testimony.

18      Once the specter of AUSA Nedrow testifying is removed from the analysis, the defense

19  motion must be rejected.  If the defense argument is correct, it would mean that no prosecutor

20  could ever elicit testimony in any proceeding that proved perjurious and then participate in the

21  subsequent trial of that perjury.  The defense cites no authority for that proposition, and the

22  government is unaware of any bright-line case law precluding a prosecutor who elicited false

23  statements from a witness from subsequently participating in the trial of that person for false

24  statements or perjury.

25      The potential for abuse through improper vouching theoretically exists in any

26  prosecution, irrespective of whether the prosecutor had some percipient knowledge of the

27  underlying offense conduct.  The government is well aware of its ethical obligation to argue for a

28  conviction based upon the evidence, not through comments aimed at establishing the personal

1    credibility or veracity of a government witness or of the prosecutor. The defendant has provided

2    no case law in support of the notion that a trial counsel can be stricken pre-trial based upon

3    concerns about vouching. The vouching argument should be rejected.

4            **B.  The Advocate-Witness Rule.**

5            The defendant further invokes the advocate-witness rule in support of her argument.

6    The advocate-witness rule prohibits an attorney from appearing as both a witness and an

7    advocate in the same litigation.  *United States v. Prantil*, 764 F.2d 548, 552-553 (9th Cir. 1985).

8    This rule has no application to the facts of this case.  As stated previously, the government has no

9    intention of calling AUSA Nedrow as a witness and the defense has not provided any evidence of

10   a compelling need, or even an inclination, to call AUSA Nedrow as a defense witness. Since

11   AUSA Nedrow will not play a role as a necessary witness in this case, no reason exists to

12   preclude him from serving as trial counsel.

13           Courts have generally disfavored allowing a participating prosecutor to testify at a

14   criminal trial.  *United States v. West*, 680 F.2d 652, 654 (9th Cir. 1982).  This reluctance is

15   particularly pronounced when the defendant seeks to call the prosecutor as a witness.

16   Recognizing the possibility for tactical abuse by the defense, the Ninth Circuit has required that a

17   defendant demonstrate a "compelling need" before a participating prosecutor will be permitted to

18   testify.  *United States v. Tamura*, 694 F.2d 591, 601 (9th Cir. 1982).  In the present case, the

19   defendant has presented no "compelling need" for AUSA Nedrow's testimony, and indeed has

20   provided no credible explanation for precisely what value she believes AUSA Nedrow's

21   testimony would add to the proceedings.  The closest the defense comes to an explanation is the

22   implication that AUSA Nedrow might be called to testify as to why or how certain questions

23   were posed to Thomas, or to explain certain prosecutorial conduct such as AUSA Nedrow's

24   purported efforts to "talk over [Thomas] so as to silence her."  These weak justifications fall far

25   short of establishing "compelling need" for three paramount reasons: (1) the prosecutor's

26   questioning strategy is irrelevant to the issue of whether the defendant intentionally lied and

27   obstructed justice; (2) even if the Court deems the prosecutor's questioning strategy relevant,

28   there is no "compelling need" to have AUSA Nedrow testify, because such arguments can be

1   made based upon the grand jury transcript itself as well as the defendant's own right and ability

2   to testify; and (3) there is <u>no</u> evidence in support of defense counsel's unsworn, self-serving

3   accusation of "talking over."   A defendant has an obligation to exhaust other available sources of

4   evidence before a court should sustain a defendant's efforts to call a participating prosecutor as a

5   witness. *West,* 680 F.2d at 654.  Absent such a "compelling need," the instant motion should be

6   denied, to ensure that this motion does not effectuate the kind of tactical abuse of the advocate-

7   witness rule that the *Tamura* "compelling need" standard seeks to avoid.

8         Thomas notes that, under certain circumstances, a prosecutor's credibility may be so

9   intertwined with a case that the prosecutor cannot fairly serve as trial counsel even if the

10   prosecutor does not testify.  *United States v. Edwards*, 154 F.3d 915, 921-923 (9th Cir. 1998).

11   *Edwards* presents a unique set of facts that are readily distinguishable from the facts of this case.

12   In *Edwards*, in the middle of trial the prosecutor personally found a previously undiscovered

13   receipt bearing the defendant's name in a bag used to transport cocaine.  *Id.* at 918-921.   The

14   fact that the receipt was found by the prosecutor came before the jury, and the government relied

15   heavily upon the receipt in its closing argument.  *Id.*  The Ninth Circuit found improper

16   vouching, but based its finding on the unique facts in the case:

17
18       In sum, we conclude that when a prosecutor is personally involved in the discovery of a
         critical piece of evidence, when that fact is made evident to the jury, and when the
         reliability of the circumstances surrounding the discovery of the evidence is at issue, the
19       prosecutor's participation in the trial of the defendant constitutes a form of improper
         vouching.

20   *Id.* at 923.

21         The fact-specific holding in *Edwards* has no application to the facts in this case and this

22   defense argument should therefore be rejected as well.

23   **IV.**   **Conclusion.**

24         The defendant's motion to preclude AUSA Nedrow from involvement in the trial of this

25   case is without merit.  The defense claim of vouching is speculative and premature, and the

26   argument that AUSA Nedrow may be a trial witness is unsupported by any evidence-based

27   foundation.  The defendant fails to establish any need for his testimony at all, let alone the

28   "compelling need" required by law.  As there is neither a factual or legal basis for the requested

1    preclusion order, the motion to preclude AUSA Nedrow from a role as trial counsel should be

2    denied.

3

4    DATED:  October 26, 2007                    Respectfully submitted,

5                                                SCOTT N. SCHOOLS
                                                 United States Attorney
6

7                                                _____/s/_____
                                                 MATTHEW A. PARRELLA
8                                                JEFFREY D. NEDROW
                                                 JEFFREY R. FINIGAN
9                                                Assistant United States Attorneys

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

GOVT'S OPPOSITION TO DEFENDANT'S
MOTION TO PRECLUDE AUSA JEFF NEDROW
FROM SERVING AS TRIAL COUNSEL                6