IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,

  v.

TAMMY A THOMAS,

        Defendant.
                               /

No. CR 06-0803 SI

**FINAL PRETRIAL SCHEDULING ORDER**

On March 12, 2008, the Court held a final pretrial conference in the above captioned matter, which is set for jury trial beginning March 24, 2008. All parties were represented by counsel. The following matters were resolved:

1. **Trial schedule**: The parties expect that the case will take 8 or fewer days to complete. The Court does not hear trials on Fridays (although deliberating juries may continue their deliberations on Friday). The trial day runs from 8:30 a.m. until 3:30 p.m., with a 15 minute break at 10:00 a.m., a 30 minute break at 12:00 p.m. and a 15 minute break at 2:00 p.m., all times approximate.

2. **Number of jurors and challenges**: There shall be a jury of twelve members, plus two alternate jurors. The government shall have six peremptory challenges, the defendant shall have ten peremptory challenges, and each side shall have one additional peremptory challenge for the alternates.

3. **Voir dire**: The court will conduct general voir dire, and counsel for each side shall have up to 30 minutes total to question the panel.

**4.     Jury instructions**: The Court received proposed jury instructions from the parties, which will be finalized before closing argument.

5.     **Trial exhibits**: No later than March 21, 2008, the parties shall submit their trial exhibits, in binders with numbered tabs separating and identifying each exhibit. The court shall be provided with three sets (for the court, the file and the witness) and each side shall provide one set for the other side.

6.     **Superseding indictment:** On March 11, 2008, the grand jury returned a superseding indictment against defendant Thomas, and she was arraigned on it on March 12, 2008. Upon inquiry of counsel, defendant indicated that the superseding indictment did not require any delay in the currently-scheduled trial date.

7.     **Motions in limine**:   Defendant filed 11 motions in limine, as follows:

1. **Motion for order that indictment not be presented to jury:** GRANTED.

2. **Motion that government be precluded from referring to the 18 U.S.C. § 1623 charges as "perjury":** GRANTED. These charges are properly styled "False Declarations before Grand Jury," and counsel are instructed to refer to them in that way.

3. **Motion to preclude government from introducing photo:** Defendant seeks to exclude a photo (TT-0257) on grounds of foundation (timing of photo), relevance and prejudice. Ruling on this motion is DEFERRED to time of trial. Relevance will depend on timing/foundation and on government's other proof concerning use of steroids, and FRE 403 analysis will depend on state of other proof. This photo is not to be used until further order of Court.

4. **Motion to exclude expert witnesses for failure to produce Fed. R. Crim. P. 16(a)(1)(G) witness summaries:** DENIED, provided government provides defendant with witness summaries by Friday, March 14, 2008.

5. **Motion to exclude testimony by treating physician Dr. Weirman:** Defendant moves to exclude this evidence based on relevance and on physician-patient privilege. The relevance objection appears to relate to the timing of the physical examination, and whether it will be relevant to

2

the government's other evidence concerning steroid use. The motion based on relevance is DENIED, without prejudice to renewal and/or motion to strike at time of trial. The motion based on physician-patient privilege is DENIED. The government is ORDERED to produce a copy of any written waivers signed by defendant.

6. **Motion to exclude from government's case-in-chief defendant's testimony at USADA hearing in 2002:** GRANTED.

7. **Motion to exclude from government's case-in-chief defendant's prior USADA litigation:** GRANTED.

8. **Motion to exclude various improper questions from grand jury testimony**: After discussion with counsel, it was determined that the government plans to offer essentially all the grand jury testimony given by defendant in evidence, probably having the questions and answers read aloud to the jury. Defendant's specific objection, based on undue vagueness, to the question which forms Count II of the superseding indictment is OVERRULED. Other more general objections and suggestions for redaction should be discussed and resolved between counsel. Any remaining objections will be resolved at time of trial.

9. **Motion to exclude non-verbal communication in grand jury transcript:** GRANTED.

10. **Motion to exclude theory of conviction based on 1998 and 1999 ingestion of testosterone**: DENIED.

11. **Motion to exclude urine test results submitted to USADA:** DENIED.

8. **Other motions:**

1. **Government motion to quash trial subpoenas:** The government moves to quash defendant's subpoenas to attorneys and legal assistants in the U.S. Attorneys' Office. The motion is DENIED at this time as premature. After presentation of the government's case-in-chief, the parties should raise this question again, and defendant will be required to make an offer of proof as to the appropriateness of the subpoenas. These and the other government witnesses subpoenaed by defendant need not appear, if at all, until the completion of the government's case-in-chief.

3

2. **Defendant's motion to dismiss obstruction of justice count**: Defendant moves to dismiss the 18 U.S.C. § 1503 obstruction of justice count (Count IV of the original indictment, Count VI of the superseding indictment) for failure to allege materiality and for vagueness. The motions are DENIED.

3. **Defendant's discovery motions**: Some of the documents sought (unredacted transcript of Kelsey Dalton) have been provided. The parties are to discuss and resolve the remaining disputes, and to bring any unresolved disputes to the Court on Friday, March 14, 2008.

4. **Conte motion for protective order re subpoena to produce documents:** Third-party witness Victor Conte was subpoenaed by defendant to produce various documents, some of which he received subject to protective order and/or under seal from the government. After discussion, all parties agreed that the prior protective and/or sealing ORDERS ARE LIFTED, to the extent that Mr. Conte may produce the documents under subpoena to defendant.

5. **Defendant's motion to dismiss indictment:** Defendant moves to dismiss the indictment based on government misconduct, for disclosure of defendant's medical information in pre-trial filings. The Court finds that there was no misconduct, based either on timing or content. The motion is DENIED.

6. **Defendant's renewed motion to exclude AUSA Nedrow from trial:** Defendant reasserts her motion to prevent AUSA Nedrow from acting as trial counsel, based on the advocate-witness rule and the rule against vouching by the prosecution. The motion is DENIED without prejudice to renewal during trial. The government has several attorneys working on this trial, so it is not clear which matters or witnesses Mr. Nedrow will handle; the advocate-witness and vouching concerns may never arise. Should the concerns present themselves in concrete form, the Court will reconsider this question and the other government counsel would be required to proceed.

**IT IS SO ORDERED.**

Dated: March 12, 2008

SUSAN ILLSTON
United States District Judge