IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. C 06-00803 SI |
| Plaintiff, | |
| v. | |
| TAMMY A. THOMAS, | |
| Defendant. / | |

**INSTRUCTIONS TO JURY**

## DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law which applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions or into anything the court may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

## CHARGE AGAINST DEFENDANT NOT EVIDENCE—PRESUMPTION OF INNOCENCE—BURDEN OF PROOF

The indictment charges defendant Tammy Thomas with five counts of giving a false declaration in violation of 18 U.S.C. § 1623(a), and one count of obstruction of justice, in violation of 18 U.S.C. § 1503. The indictment is not evidence. The defendant has pleaded not guilty to all the charges. The defendant is presumed to be innocent and does not have to testify or present any evidence to prove innocence. The government has the burden of proving every element of the charge beyond a reasonable doubt.

## DEFENDANT'S DECISION NOT TO TESTIFY

A defendant in a criminal case has a constitutional right not to testify. No presumption of guilt may be raised, and no inference of any kind may be drawn, from the fact that the defendant did not testify.

## REASONABLE DOUBT—DEFINED

Proof beyond a reasonable doubt is proof that leaves you firmly convinced that the defendant is guilty. It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

**WHAT IS EVIDENCE**

The evidence from which you are to decide what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits which have been received into evidence; and

(3) any facts to which all the lawyers have stipulated.

**WHAT IS NOT EVIDENCE**

In reaching your verdict you may consider only the testimony and exhibits received into evidence. Certain things are not evidence and you may not consider them in deciding what the facts are. I will list them for you:

1. Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, will say in their closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2. Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the question, the objection, or the court's ruling on it.

3. Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition some testimony and exhibits have been received only for a limited purpose; where I have given a limiting instruction, you must follow it.

4. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

## CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1. the opportunity and ability of the witness to see or hear or know the things testified to;

2. the witness's memory;

3. the witness's manner while testifying;

4. the witness's interest in the outcome of the case and any bias or prejudice;

5. whether other evidence contradicted the witness's testimony;

6. the reasonableness of the witness's testimony in light of all the evidence; and

7. any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

## ACTIVITIES NOT CHARGED

The defendant is on trial only for the crimes charged in the indictment, not for any other activities.

## EVIDENCE OF OTHER ACTS OF DEFENDANT OR
## ACTS AND STATEMENTS OF OTHERS

You are here only to determine whether the defendant is guilty or not guilty of the charges in the indictment. Your determination must be made only from the evidence in the case. The defendant is not on trial for any conduct or offense not charged in the indictment. You should consider evidence about the acts, statements, and intentions of others, or evidence about other acts of the defendant, only as they relate to this charge against this defendant.

## SEPARATE CONSIDERATION OF MULTIPLE COUNTS

A separate crime is charged against the defendant in each count. You must decide each count separately. Your verdict on one count should not control your verdict on any other count.

## KNOWINGLY — DEFINED

An act is done knowingly if the defendant is aware of the act and does not act or fail to act through ignorance, mistake, or accident. The government is not required to prove that the defendant knew that her acts or omissions were unlawful. You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

## STATEMENTS BY DEFENDANT

You have heard testimony that the defendant made a statement. It is for you to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give to it. In making those decisions, you should consider all of the evidence about the statement, including the circumstances under which the defendant may have made it.

**TESTIMONY OF WITNESSES WITH IMMUNITY**

You have heard testimony from Patrick Arnold and Kelcey Dalton, witnesses who received immunity. Their testimony was given in exchange for a promise by the government that the testimony will not be used in any case against those witnesses.  For this reasons, in evaluating their testimony, you should consider the extent to which or whether their testimony may have been influenced by this factor. In addition, you should examine their  testimony with greater caution than that of other witnesses.

**OPINION EVIDENCE, EXPERT WITNESS**

You have heard testimony from persons who, because of education or experience, are permitted to state opinions and the reasons for their opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness' education and experience, the reasons given for the opinion, and all the other evidence in the case.

**COUNT 1 – FALSE DECLARATION**

(18 U.S.C. § 1623(a))

The defendant is charged in Count 1 with making a material false declaration before a grand jury, in violation of 18 U.S.C. § 1623(a). Count 1 alleges that the defendant made the following material false declaration:

"Question:   Did you ever – besides this one instance of getting the 1-AD from Mr. Arnold, did you ever get any other services from Mr. Arnold or products?

Answer by
defendant:   No, no other products."

In order for the defendant to be found guilty of Count 1, the government must prove each of the following elements beyond a reasonable doubt:

1. The defendant testified under oath before a grand jury;
2. The testimony described above was false;
3. The testimony described above was material to the grand jury before which she testified; and
4. The defendant knew that the testimony described above was false and was material to the grand jury before which she testified.

A statement was material if it had a natural tendency to influence, or was capable of influencing, the decision of the decision-making body to which it is addressed.
.

**COUNT 2 – FALSE DECLARATION**

(18 U.S.C. § 1623(a))

The defendant is charged in Count 2 with making a material false declaration before a grand jury, in violation of 18 U.S.C. § 1623(a). Count 2 alleges that the defendant made the following material false declaration:

"Question:  Did you ever, in addition to anything I've said, get any kind of what you knew to be banned or illegal performance-enhancing drugs from Mr. Arnold?

<u>Answer by defendant:</u>  <u>No</u>."

In order for the defendant to be found guilty of Count 2, the government must prove each of the following elements beyond a reasonable doubt:

1. The defendant testified under oath before a grand jury;

2. The testimony described above was false;

3. The testimony described above was material to the grand jury before which she testified; and

4. The defendant knew that the testimony described above was false and was material to the grand jury before which she testified.

A statement was material if it had a natural tendency to influence, or was capable of influencing, the decision of the decision-making body to which it is addressed.

.

9

**COUNT 3 – FALSE DECLARATION**

(18 U.S.C. § 1623(a))

The defendant is charged in Count 3 with making a material false declaration before a grand jury, in violation of 18 U.S.C. § 1623(a). Count 3 alleges that the defendant made the following material false declaration:

"Question:     Did you ever take anything that Patrick Arnold gave you?

<u>Answer by defendant:</u>     <u>No</u>."

In order for the defendant to be found guilty of Count 3, the government must prove each of the following elements beyond a reasonable doubt:

1.     The defendant testified under oath before a grand jury;

2.     The testimony described above was false;

3.     The testimony described above was material to the grand jury before which she testified; and

4.     The defendant knew that the testimony described above was false and was material to the grand jury before which she testified.

A statement was material if it had a natural tendency to influence, or was capable of influencing, the decision of the decision-making body to which it is addressed.

## COUNT 4 – FALSE DECLARATION

(18 U.S.C. § 1623(a))

The defendant is charged in Count 4 with making a material false declaration before a grand jury, in violation of 18 U.S.C. § 1623(a). Count 4 alleges that the defendant made the following material false declaration:

"Question:    Now, let me ask, as you sit here now, and before this grand jury today, have you ever taken anabolic steroids?

<u>Answer by defendant:</u>    <u>No</u>."

In order for the defendant to be found guilty of Count 4, the government must prove each of the following elements beyond a reasonable doubt:

1. The defendant testified under oath before a grand jury;

2. The testimony described above was false;

3. The testimony described above was material to the grand jury before which she testified; and

4. The defendant knew that the testimony described above was false and was material to the grand jury before which she testified.

A statement was material if it had a natural tendency to influence, or was capable of influencing, the decision of the decision-making body to which it is addressed.

You are instructed that you may not return a conviction on Count 4 based on Ms. Thomas' ingestion of depotestosterone.

11

## COUNT 5 – FALSE DECLARATION

(18 U.S.C. § 1623(a))

The defendant is charged in Count 5 with making a material false declaration before a grand jury, in violation of 18 U.S.C. § 1623(a).  Count 5 alleges that the defendant made the following material false declaration:

"Question:   All right.  I just want to ask you again, you know, Ms. Thomas, and again, mindful that everything has got to be truthful here, did you ever get an anabolic steroid from anybody in connection with your training up to the time of March 2002?

<u>Answer by defendant:</u>   <u>No</u>."

In order for the defendant to be found guilty of Count 5, the government must prove each of the following elements beyond a reasonable doubt:

1.   The defendant testified under oath before a grand jury;

2.   The testimony described above was false;

3.   The testimony described above was material to the grand jury before which she testified; and

4.   The defendant knew that the testimony described above was false and was material to the grand jury before which she testified.

A statement was material if it had a natural tendency to influence, or was capable of influencing, the decision of the decision-making body to which it is addressed.

You are instructed that you may not return a conviction on Count 5 based on Ms. Thomas' receipt of depotestosterone.

**COUNT 6 – OBSTRUCTION OF JUSTICE**

(18 U.S.C. § 1503)

The defendant is charged in Count 6 with obstruction of justice in violation of 18 U.S.C. § 1503. In order for the defendant to be found guilty of Count 6, the government must prove each of the following elements beyond a reasonable doubt:

1. The defendant corruptly, that is, for the purpose of obstructing justice,

2. Obstructed, influenced or impeded, or endeavored to influence, obstruct or impede, through one of the below listed statements,

3. The due administration of justice.

In order for the defendant to be found guilty of Count 6, you must all agree that one or more of the following statements obstructed, influenced or impeded the due administration of justice, or was made for the purpose of obstructing, influencing or impeding the due administration of justice. (All of you must agree as to which statement or statements so qualify):

1. The statement contained in Count 1;

2. The statement contained in Count 2;

3. The statement contained in Count 3;

4. The statement contained in Count 4;

5. The statement contained in Count 5;


6. Statement A:

    Question: Did you ever know if Patrick Arnold ever had any connection to Victor Conte?

    Answer by defendant: I - I don't - I really don't remember if he – I don't really think that he told me that he had a connection with Victor Conte.

    Question: So, you don't know about any connection one way or the other between Mr. Arnold and Mr. Conte?

    <u>Answer by defendant:</u> <u>I don't – I really don't remember.</u>

13

7. Statement B:

| | |
|---|---|
| Question: | After all this happened, you sought help in defending yourself against the norbolethone accusation from various people in the track community; is that correct? |
| Answer by defendant: | Not just the track community. Just all over the world. |
| Question: | I'm sorry. I said track. Maybe I – in general, I guess, yeah, medical – yeah, in general, you sought help. |
| Answer by defendant: | Correct. |
| Question: | Was one of the persons you talked to Victor Conte? |
| Answer by defendant: | Yes. |
| Question: | Why did you or how did you end up coming to talk to Victor Conte about this? |
| Answer by defendant: | <u>I really can't remember at this point. I know that somebody put me in touch with Victor Conte.</u> |

8. Statement C:

| | |
|---|---|
| Question: | Why did you say that you didn't know about Patrick Arnold at the arbitration hearing? |
| Answer by defendant: | <u>I really don't know. I mean, when they first asked me: "Do you know him," I – I had talked to him a couple of times on the phone, but I had never met him personally. I really don't know.</u> |

9. Statement D:

| | |
|---|---|
| Question: | And have you gone to be tested to see if it elevated your TE's or – |
| Answer by defendant: | No. |
| Question: | – or if you had these metabolites? |
| Answer by defendant: | No. |
| Question: | You're just doing it – |

14

| | | |
|---|---|---|
| Answer by defendant: | | Well, I don't think that the 1-AD would have caused any positive for norbolethone.  I know that I was taking the contraceptive.  And that chemical structure – first, you have to look at chemical structures.  And that chemical structure of the emergency contraceptive was almost identical to the chemical structure of the substance I've been accused of taking.  And I have an expert opinion of how that – the substance – the birth control could have broken down to norbolethone in the system. |

**ANABOLIC STEROIDS - DEFINED**

At all relevant times in this case, the term "anabolic steroid" meant any drug or hormonal substance, chemically and pharmocologically related to testosterone (other than estrogens, progestins and corticosteroids) that promotes muscle growth. The non-exclusive list of prohibited steroids included, but was not limited to, a number of known anabolic steroids. The list provided that any salt, ester or isomer of a drug or substance on the list qualified as an anabolic steroid, if that salt, ester or isomer promoted muscle growth. The non-exclusive list of prohibited steroids did not include norbolethone or tetrahydrogestrinone ("THG").

### DUTY TO DELIBERATE

When you begin your deliberations, you should elect one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

### CONSIDERATION OF EVIDENCE

Your verdict must be based solely on the evidence and on the law as I have given it to you in these instructions. However, nothing that I have said or done is intended to suggest what your verdict should be—that is entirely for you to decide.

### USE OF NOTES

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes.

### JURY CONSIDERATION OF PUNISHMENT

The punishment provided by law for this crime is for the court to decide. You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

**VERDICT FORM**

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you, sign and date it and advise the Court that you are ready to return to the courtroom.

**COMMUNICATION WITH COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing, or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.